IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES RZEPLINSKI,

                Plaintiff,

v.

TAMMY MAASSEN, LIZZIE TEGELS,
JODI DAUGHERTY, DR. ONJUKKA, EDWARD WALL,
DEIRDRE MORGAN, CHARLES FACKTOR,
WELCOME ROSE, B. DELAP, and JODI DEROSA,

                Defendants.

OPINION & ORDER

14-cv-820-jdp

---

Plaintiff James Rzeplinski, a prisoner at the Jackson Correctional Institution, brings Eighth Amendment claims that his dentures have broken and that various prison officials have not helped him get them fixed. In the July 6, 2015, screening order in this case, I denied plaintiff leave to proceed on other claims that he was being threatened with sexual abuse:

> Plaintiff also alleges that he is being threatened with sexual abuse, but I do not understand plaintiff to be alleging that he has complained about those threats to defendants. Thus, although an intentional failure to protect a prisoner from physical threats could support an Eighth Amendment claim, I conclude that plaintiff does not state a failure to protect claim because he has not adequately alleged that any of the defendants were aware of the threats.

Dkt. 4, at 3.

Plaintiff has filed a motion for reconsideration of that decision, stating that he did in fact complain to prison officials about the sexual threats. He includes a document I will construe as a supplement to the complaint in which he states, "I have indeed complained of this unacceptable '[threats] of sexual abuse.'" Dkt. 8. He also attaches an appeal of one of his

inmate grievances, in which he raises the problems with his dentures and the threats of sexual assault. Dkt. 8-1.

The problem for plaintiff is that he does not explain which of the defendants named in the complaint were made aware of the sexual threat problem. Plaintiff includes the grievance appeal but there is no indication who addressed that complaint, or how they resolved it. Because plaintiff fails to bring new allegations putting any of the defendants on notice that they were aware of his problem and yet failed to help, I will deny his motion for reconsideration.

Plaintiff remains free to renew his motion, but he will have to provide new allegations explaining which of the defendants he alerted to the sexual threat problem and how they responded.

ORDER

IT IS ORDERED that plaintiff James Rzeplinski's motion for reconsideration of the court's July 6, 2015, screening order, Dkt. 8, is DENIED.

Entered January 7, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge